Nash, J.
 

 In looking over the exhibits filed in the case, we find that one John King died in the year 1813, having made and published in writing his last will and testament, which was duly proved, and the intestate, Joab Newsom, qualified as executor thereof, and took upon himself its due execution. By his will, John King gave several bequests, and among them the following : “I also give all the rest of my property, that is not given away, to be sold and equally divided between the heirs of my daughter, Martha Daniel, lawfully begotten of her body. My will is, that my executor keep the money arising from what I give my daughter, Martha Daniel’s children, until they arrive at the age of twenty-one.” Upon the death of Joab Newsom intestate, Harry Kilpatrick, was, by the proper tribunal, appointed administrator
 
 de bonis 7ion,
 
 with the will annexed, upon the estate of John King, and filed his petition in the County Court of Wayne, against the present plaintiff, as administrator of Joab Newsom, to recover the legacy to the children of Martha Daniel, and obtained a decree therefor, under which decree the money was paid to Kilpatrick, We think this decree was entirely erroneous. It
 
 *413
 
 is evident, that Harry Kilpatrick, administrator de
 
 bonis non
 
 of John King, was not the proper person to take the legacy into his hands. It was in the possession of the plaintiff, as a trustee for the children of Mrs. Daniel.' They were no parties to the suit. The County Court gave the petitioner a decree for the sum of $3,471 17, of which the sum of 2,206 76 was núteres!', and for which the defendants except.'
 

 Erroneous, however, as this decree is, until reversed, it is binding upon all, who were parties to it. It is not, however, binding upon the children of Mrs. Daniel, the legatees under John King’s will, and'the payment of it to the administrator
 
 de bonis non,
 
 Kilpatrick, is no discharge to the real estate of Jo-ab Newsom. And those, who were bound to make it good, are still so bound. And, of course, the plaintiff has no right to come into this court, and ask that the lands should be subjected to make good a deficiency so created. There is, however, another fatal defect in the plaintiff’s claim. It is this. The master reports, as due to the plaintiff, the sum of $360 24. Upon looking into the accounts audited in the County Court, and taken by the master as the basis of his, we find that the auditors allowed the plaintiff commissions to the amount of $366 04, a sum exceeding that found due to hirn, by six doldollars. However just and proper the commissions may be, as a charge against the personal estate, it certainly can constitute no claim on the part of the plaintiff, as a charge upon the real estate.
 

 Upon both grounds, then, the plaintiff is debarred of the relief he seeks. For, although the payment under the decree, referred to, will protect him against any one claiming the personal estate of Joab Newsom, it is different when he comes and claims relief against the real estate.
 

 The exception of the defendant is allowed, and the bill dismissed with costs.
 

 Per Curiam, Bill dismissed with costs.'